## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ANDRE D. LOVE, | * |
| | * |
| **Plaintiff,** | * |
| v. | * CIVIL ACTION NO: 1:20-cv-13 |
| | * |
| O'REILLY AUTOMOTIVE STORES, INC , | * |
| d/b/a O'REILLY AUTO PARTS, | * |
| O'Reilly AUTO ENTERPRISES, LLC, CHRIS | * |
| TINDLE | * |
| | * |
| **Defendants.** | * |
| | * |

## COMPLAINT

### INTRODUCTORY STATEMENT

This is an action seeking principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination in employment on the basis of race, religion and retaliation.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### II

### ADMINISTRATIVE EXHAUSTION AND JURISDICTIONAL STATEMENT

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3).  Further, Plaintiff's EEOC complaints have been pending before the United States Equal Employment Opportunity Commission's Office for more than 120 days prior to the filing of this complaint. Therefore, Plaintiff has exhausted administrative remedies as required by law.

### III

### **PARTIES**

1. Plaintiff, Andre D. Love, is an African-American male employee of Defendant O'Reilly Automotive Stores Inc.,d/b/a O'Reilly Auto Parts, and a resident citizen of Mobile County, Alabama. Love has been employed by the defendant since 2016.

2. Defendant, O'Reilly Automotive Stores Inc., d/b/a O'Reilly Auto Parts, hereinafter O'Reilly is a retail distributor of automobile parts and operates 4600 stores in 44 states and 27 distribution centers in the United States of America. Chris Tindle is employed as the Store Manager for O'Reilly in Mobile, Alabama.

### III

### **FACTUAL ALLEGATIONS**

3. Love has been employed with O'Reilly since 2016 as a part time parts specialist in the Mobile, Alabama store.

4. At all times relevant to this complaint, Love served as a part time parts specialist in Mobile, Alabama. Love is also a full time Christian Minister.

5. In February 2019, Love complained to Chris Tingle that a coworker was making derogatory, threatening, intimidating, inflammatory, disrespectful and harassing comments regarding Love's religious beliefs in violation of the policies and procedures of O'Reilly. Tindle failed to follow the policies and procedures of O'Reilly by failing to take any disciplinary action or conduct an investigation regarding the harassing, inflammatory religious comments of the co-worker. Tindle also failed to report the attack on Love's religious beliefs in accordance with the policies and procedures of O'Reilly.

6. Tindle's failure to report the attack on Loves religious beliefs by a Muslim co-worker was due to Tindle's belief in same sex marriage and Love's religious belief that refuses to recognize or perform same sex marriages.

7. Following the complaint of religious discrimination, Tindle reduced the number of hours worked by Love in retaliation for his religious beliefs.

## COUNT ONE

8. Because of O'Reilly and Tindle actions as outlined above, the Defendants have engaged in unlawful religious discrimination by its failure to follow the policies and procedures as set forth in the corporate handbook

## COUNT TWO

9. Because of its actions as set out above, the Defendant has engaged unlawful retaliation by reducing the number of hours worked by Love

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) A declaratory judgment that the Defendant discriminated against Plaintiff on the basis of his religion in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(b) A declaratory judgment that the Defendant discriminated against Plaintiff on the basis of her sex in her non-selection for the vacancy awarded to Jason Beard, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(c) A declaratory judgment that the Defendant discriminated against Plaintiff on the basis of her age in her non-selection for the vacancy awarded to Jason Beard, in violation of Title VII

of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(d)  A declaratory judgment that the Defendant discriminated against Plaintiff on the basis of her race in her non-selection for the vacancy awarded to Janet Frye, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(e)  A declaratory judgment that the Defendant discriminated against Plaintiff on the basis of her age in her non-selection for the vacancy awarded to Janet Frye, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(f)  A declaratory judgment that because Love engaged in protected activity the Defendants unlawfully retaliated against him based upon his religious beliefs in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(g)  Award Plaintiff all back pay and benefits he would have been entitled to but for the discrimination he suffered;

(h)  Award Plaintiff compensatory damages in the amount of $300,000;

(j)  Award Plaintiff his costs and expenses in bringing this action, including a reasonable attorney's fee; and such other alternate relief as the court may deem just and proper.

**TRIAL BY JURY REQUESTED**.

Respectfully submitted,


s/Willie J. Huntley Jr.
HUNTW5746
Attorney for Plaintiff
Post Office Box 370
Mobile, AL  36601
(251)  434.0007


DEFENDANTS MAY BE SERVED AT:

O'Reilly Automotive
233 South Patterson Avenue
Springfield, Missouri 65802


Chris Tindle
2801 Springhill Avenue
Mobile, Alabama 36607